IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Nos. 1:05cv 1307 ;1:02cr10069- |
| ) | 001 |
| ROCKY MORRIS WHITE, ) | |
| ) | |
| Defendant. ) | |

ORDER TO ASSIGN NEW CIVIL DOCKET NUMBER
AND
ORDER DENYING DEFENDANT'S MOTION TO REQUEST CREDIT FOR TIME
SERVED IN STATE CUSTODY

1. 1:04cv1002

In January of 2004, Rocky Morris White ("Petitioner") filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In that motion, Petitioner challenged the legality of his sentence on several grounds, but the court dismissed the motion because Petitioner's direct appeal had not concluded. United States v. White, Nos. 1:02cr10069-001, 1:04cv1002 (W.D. Tenn. July 7, 2004) (order denying § 2255 motion).[1]  Because Petitioner's § 2255 motion was dismissed and the case was closed, the instant motion should not have been filed under the same civil docket number. The clerk

---

[1] On October 3, 2005, the United States Supreme Court denied Petitioner's petition for writ of certiorari to the United States Court of Appeals for the Sixth Circuit. White v. United States, No. 04-10422, 2005 U.S. LEXIS 6885, at *1 (Oct. 3, 2005).

should open a new civil case and assign the instant motion a new civil docket number.

2. Request for Credit for Time Served in State Custody

In the instant motion, Petitioner challenges the computation of his federal sentence. Accordingly, the court construes the motion as a petition for *writ of habeas corpus* filed pursuant to 28 U.S.C. § 2241. See McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993). On October 8, 2003, the court sentenced Petitioner to a 260-month (approximately 22 years) term of imprisonment for violating 18 U.S.C. § 922(g) (Convicted Felon in Possession of a Firearm). The court's judgment did not specify the court's intent as to whether or not Petitioner's sentence should run consecutive or concurrent to a 16-year state sentence that was unexpired at the time but for which Petitioner had been on parole when he committed the federal offense. The court later advised the federal Bureau of Prisons ("BOP"), *nunc pro tunc*, of the court's intent to have the state and federal sentences run concurrently. (Supp. to Pet'r's Mot. to Req. Credit for Time Served in State Custody, Ex. J) (hereinafter "Supp., Ex. __" or "Supp. at __")) (October 21, 2004, Letter to Mr. Ronald G. Thompson, Regional Director, Federal Bureau of Prisons). BOP accordingly adjusted the computation of Petitioner's federal sentence to reflect a commencement date of October 8, 2004, the date the federal sentence was imposed. (Supp., Ex. L) (Sept. 23, 2004, Response of Regional Director to Petitioner's Administrative Appeal).

However, BOP determined that Petitioner was not entitled to a credit against his 260-month federal sentence for the amount of time that he had spent in custody prior to that

2

sentence. BOP relied on the applicable statute, 18 U.S.C. § 3585(b) ("Calculation of a term of imprisonment"), which provides that:

> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). BOP found that Petitioner's pre-sentence detention time had already been "credited against another sentence." (Supp., Ex. L) (Sept. 23, 2004, Response of Regional Director to Petitioner's Administrative Appeal). The court now reviews that finding.[2]

When the court sentenced Petitioner to 260 months on October 8, 2004, Petitioner had already been "officially detained" for almost 12 months by both state and federal officials.[3] Specifically, Petitioner had been arrested by local police officials on October 15, 2002, for a violation of the State of Tennessee's ("State"'s) vehicle registration laws, for driving on a revoked license, for improper lights, for violation of the State's financial responsibility laws, for drug possession, and for possession of a prohibited weapon. (Supp.,

---

[2] The court finds that Petitioner has finally exhausted his administrative remedies with BOP.

[3] "Official detention" means "physical incarceration." See, e.g., United States v. Becak, 954 F.3d 386, 388 (6th Cir. 1992).

3

Ex. B) (June 21, 2004, BOP Staff Member Letter to Petitioner). He remained in state custody until February 3, 2003, when he was transferred to federal custody pursuant to a *writ of habeas corpus ad prosequendum*. United States v. White, No. 1:02cr10069-001 (W.D. Tenn. Feb. 3, 2003) (Docket Entry # 3). On October 9, 2003, the day after the court imposed sentence for the § 922(g) conviction, Petitioner was returned to state custody. (Supp. at 1, (3)).[4]

Petitioner requests a reduction of the 260-month federal sentence by an amount of time equal to his October 15, 2002–October 9, 2003, pre-sentence confinement. (Mot. to Req. Credit for Time Served in State Custody at 2) (hereinafter "Mot."). The plain language of § 3585(b) precludes an award of credit if the relevant time period is already reflected by the reduction of another sentence. See 18 U.S.C. § 3585(b). Petitioner argues, in essence, that there was no such "other sentence" against which to credit his pre-sentence detention. (Mot. at 2). In support of this argument, Petitioner informs the court that the state indictment arising out of his October 15, 2002, conduct has been dismissed. (Supp., Ex. A) (order of *nolle prosequi* in State of Tennessee v. White, No. 63-104 (Circuit Ct. of Madison County, Tennessee, Div. II, October 31, 2003)). Because the State did not even prosecute, there was never a state "sentence" against which to apply Petitioner's jail time. Accordingly,

---

[4]Even though, from February 3, 2003, until October 9, 2003, Petitioner was officially detained by virtue of the federal writ, BOP considers Petitioner to have remained in "state custody" that entire time because the federal detainer was not the exclusive reason for confinement. (Supp. to Pet'r's Mot. to Req. Credit for Time Served, Ex. L) (September 23, 2004, Response of Regional Director to Petitioner's Administrative Appeal) (citing BOP program statements).

Petitioner argues that BOP may not charge that time against a non-existent state sentence but must apply it to Petitioner's federal term. Notwithstanding this argument, Petitioner misunderstands exactly what state sentence was reduced by the time he served prior to his federal sentence.

BOP found that the State had sentenced Petitioner to a term of 16 years for various offenses in 1991. (Supp., Ex. L). BOP further found that the State had paroled Petitioner in 1998. (Supp., Ex. F) (Sept. 16, 2004, Response of Warden J.P. Young to Petitioner's Administrative Appeal). When Petitioner was arrested on October 15, 2002, for the conduct leading to the federal conviction, the 1991 sentence had not expired; consequently, on December 17, 2003, Petitioner's state parole was revoked and he began serving the remainder of the *1991 state sentence*. (Supp., Ex. L). BOP reports that the State reduced the time that remained on *that* sentence by a period that more than compensated Petitioner for the October 18, 2002–October 9, 2003, confinement. Id. ("Contact with the Tennessee Department of Corrections has confirmed you received credit on your parole violator term from the date of your arrest on October 15, 2002, through March 3, 2004, the date of your release."). In other words, the pre-sentence detention in this case reduced the unexpired part of Petitioner's 1991 state conviction. Therefore, based on § 3585(b), BOP denied credit against Petitioner's federal sentence because the pre-sentence detention had been "credited against [the 1991] sentence." See 18 U.S.C. § 3585(b); (Supp., Ex. L) (concluding that it would be "contrary to the intent of this statute" to award credit that was applied to

5

Petitioner's state sentence).

BOP, not this court, computes sentences credits under § 3585(b). United States v. Wilson, 503 U.S. 329, 334 (1992); McClain v. United States, 9 F.3d 503, 505 (6th Cir. 1993). After a petitioner exhausts his administrative remedies with BOP, a federal district court may review BOP's computation pursuant to 28 U.S.C. § 2241. See Reno v. Koray, 515 U.S. 50, 53 (1995); Wilson, 503 U.S. at 334–35; McClain, 9 F.3d at 505; United States v. Hodge, 674 F. Supp. 585, 588 (N.D. Ohio 1987). Petitioner, however, must demonstrate why BOP's computation was in error. Here, Petitioner has not shown BOP's computation to be erroneous. Instead, that computation was supported by the text of § 3585(b) and by judicial authority upholding the bureau's refusal to extend credit where the credit has been applied to another sentence. 18 U.S.C. § 3585(b); see also, e.g., Mercedes v. Sneizek, No. 4:05CV1934, 2005 U.S. Dist. LEXIS 19613, at *10 (N.D. Ohio Sept. 9, 2005) ("[A] court [cannot] award credit to a sentence when credit has been applied to another sentence for the same time period."). Because, according to BOP, the State has credited Petitioner's 1991 state conviction to reflect the time served from October 15, 2002, until later than October 8, 2003, the court agrees with BOP that there is no basis to order that the same time be credited against his federal sentence as well. The motion is therefore denied.

3. Conclusion

For the foregoing reasons, the clerk is DIRECTED to assign a new civil docket number to the instant "Motion to Request Credit for Time Served In State Custody." That

6

Motion is DENIED. Therefore, after assigning a new civil docket number, the clerk is then directed to DISMISS the Motion to Request Credit for Time Served in State Custody.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_13 October 2005_
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:05-CV-01307 was distributed by fax, mail, or direct printing on October 14, 2005 to the parties listed.

---

James W. Powell
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Rocky Morris White
,

Honorable James Todd
US DISTRICT COURT